UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21229-CIV-ALTONAGA/O'SULLIVAN

RAMON ORTEGA, and all others similarly
situated under 29 U.S.C. § 216(b),

    Plaintiff,
v.

BEL FUSE, INC., ARRAY CONNECTOR
CORPORATION, BILL MCPHERSON,

    Defendants.
_____/

## DEFENDANT, BEL FUSE, INC.'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendant, Bel Fuse, Inc. ("BEL FUSE") hereby files this Reply to Plaintiff's Opposition to Summary Judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, on Plaintiff, RAMON ORTEGA's, claim for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), Count II. As set forth herein, Plaintiff admits that there are no undisputed statement of facts based on the filing contained in the Defendants' Statement of Material Facts, other than ¶18, which is addressed in Defendants' Reply to the Statement of Material Facts. Therefore, the case is ripe for Summary Judgment, as it involves a pure issue of law. Fed. R. Civ. P. 56.

## PRELIMINARY STATEMENT

While Plaintiff attempts to overcome the application of fact and law regarding the computer exemption under the Fair Labor Standards Act (FLSA), the learned professional exemption, Section 213(a)(17), administrative exemption, Section 13(a)(1); 29 C.F.R. §541.301(a)(1)-(3), and combined exemption by citing to case law adopting a

narrow interpretation of the computer exemption – all of the cases cited by Plaintiff are distinguishable. Plaintiff has failed to rebut Defendant's supporting case law that he is not exempt under the computer exemption, professional exemption and/or combined exemption, and therefore, Summary Judgment is proper.

Additionally, to the extent that Plaintiff only challenges the computer and professional exemption application, but is silent as to Defendants' assertion that Plaintiff is also exempt under a combined exemption, Plaintiff has failed to proffer any opposition to the application of the exemption, and Summary Judgment is proper due to that exemption, as well.

## MEMORANDUM OF LAW

While Plaintiff is correct in the proposition that exemptions are narrowly construed, Courts should still be mindful that they consider exemptions "without diminishing the spirit of [the] parent legislation." *Gregory v. First Title of America, Inc.,* 555 F.3d 1300, 1307 (11th Cir. 2009); *Mechmet v. Four Seasons Hotel, Ltd.,* 825 F.2d 1173, 1178 (7th Cir. 1987). (narrow construction "generalization" is "at best a tie breaker (and not even that, if some offsetting 'canon of construction' is in play, as normally there will be");(the degree by which plaintiff's compensation exceeds the minimum wage is a factor in determining if that employee is among those Congress sought to protect); *Reich v. Cruises Only, Inc., 140 Lab. Cas. P 34017 (M.D. Fla. 1997)* (same). Based on the reasoning more fully outlined below, Plaintiff is properly exempt under the computer and professional exemptions, as well as the combined exemption, and therefore, summary judgment is proper.

//

### A. Computer Exemption

Regarding the computer exemption, section 213(a)(17)(B) of the Fair Labor Standards Act exempts "the design, development, documentation, testing, creation, or modification of computer programs based on and related to user or system design specifications." *Bobadilla v. MDRC*, 03 CIV. 9217, 2005 WL 2044938, at *1 (S.D.N.Y. 2005) (counting plaintiff's computer related job history and software/computer related certifications as evidence that computer professional exemption applied).

In order to overcome the application of the computer exemption, Plaintiff attempts to assert that the exemption is inapplicable to the extent he was engaged in the manufacture or repair of computers, citing to 29 C.F.R. § 541.401. However, a simple review of the little case law available which analyzes this provision to computer-employees quickly reveals this argument fails. In *Clarke v. JPMorgan Chase Bank, N.A.*, the employee made a similar attempt to circumvent the employer's Motion for Summary Judgment on the FLSA claims under the computer exemption by also citing to 29 C.F.R. § 541.401, in an effort to paint himself as a lower-level technology employee. In that regulation, the Department of Labor recognizes that the computer exemption "does not apply to employees engaged in the manufacture or repair of computer hardware and related equipment." *Clarke.*, 159 Lab. Cas. P 35732 (S.D.N.Y. 2010). However, the court rejected the employee's proposition, concluding that the employee did not "manufacture" computer equipment, was not a repairman, and was not someone whose occupation was merely "dependent upon, or facilitated by, the use of computers," as required by 29 C.F.R. § 541.401. *Id*. Instead, the court looked to the facts that: (1) the employee held certificates in network administration and computer development, (2)

his title was 'Network Administrator,' (3)  his duties included "analysis [of] existing network resources and determination [that] an underutilization existed"; as well as resolving problems with the network and operating systems, and (4)  he was responsible for creation of backup software and system upgrades, in order to conclude that the subpart would not apply to avoid exemption.  *Id.* As such, the court recognized that the employee, like Ortega here, was "primarily engaged" in the skilled, computer-related functions that render him exempt under § 213(a)(17), and therefore,  29 C.F.R. § 541.401 was "plainly inapplicable," as it is here. Specifically, and just like the employee in *Clarke*, Ortega (1) holds multiple certificates in network administration and computer development (SOMF ¶1), (2) has a title of IT Manager and/or Network Administrator/Engineer II (*See* SOMF ¶¶4, 6, 18, 27), (3) duties included analyzing, troubleshooting, and testing Defendant's systems networks and development of a backup test database,, (SOMF ¶5, 7, 9-13, 17-22) and (4) his responsibilities included creation of a backup software system as well as system upgrades. (SOMF ¶18, 19)). As such, like in *Clarke*, the provisions of 29 C.F.R. § 541.401 cannot be used to avoid Ortega's application to the computer exemption, rendering his claims subject to Summary Judgment.

In the Opposition, Plaintiff attempts to position himself to the same situation as the employee in  *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574 (6th Cir. 2004). (Dkt. 83, at 11-12), in order to avoid the application of the computer exemption. However, this attempt fails, as well. Notably, *Martin* was decided under § 213(a)(1), not § 213(a)(17), at issue here. *Martin*, 381 F.3d at 579. The "primary duty" test for a "computer professional" pursuant to § 213(a)(1) then called for the "performance

Defendant, Bel Fuse's Motion for Summary Judgment
Page **4** of **9**

of…work that requires theoretical and practical application of highly-specialized knowledge in computer systems analysis, programming, and software engineering," as well as "work requiring the consistent exercise of discretion and judgment." *Id*. In enacting § 213(a)(17), Congress deliberately "expanded the definition of a computer employee for the purposes of the FLSA exemption." *Curry v. Matividad Med. Ctr.,* 5:11-CV-04662 EJD, 2013 WL 2338110, at *1 (N.D. Cal. 2013).

As such, the measures relied upon in *Martin* and also by the Plaintiff are actually not included in the "primary duty" component of the computer employee exemption under §213(a)(17). 29 U.S.C. § 541.400(b). Therefore, *Martin* is inappropriate application to the facts in this case. The fact that Martin was decided under the narrow professional exemption of §213(a)(1), rather than §213(a)(17), at issue here, was also addressed in *Clarke*, which recognized that "*Martin*… was decided under the narrower computer professional exemption of § 213(a)(1))." *Clarke*., 159 Lab. Cas. P 35732 (S.D.N.Y. 2010). Even still, if *Martin* was decided under §213(a)(17), which it was not, the position the employee in *Martin* had would still be dissimilar to that here, as the employee in *Martin* was only responsible for low-level technology duties such as checking cables, replacing parts, and troubleshooting Windows problems, rather than making actual, analytical decisions about how his employer's computer network should function. *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 580 (6th Cir. 2004). Instead, here, with Ortega, he was responsible for developing backup databases based on his own concerns about damage to the Defendant's database, and generally "everything with the network," including control of the email, email service, alarm system, security, and viruses, among other responsibilities. (See SOMF ¶13, 17-19). It

is undisputed that Plaintiff's primary duty was "make sure the system was operating…everything associated with the network system." See Defendant's Reply to Plaintiff's Supplemental Material Facts, ¶d. Therefore, it is apparent that using the reasoning in *Martin*, the computer exemption was anticipated for an employee just like Ortega, and is proper for this case.

### *B. Professional Exemption*

In an attempt to refute application of the professional exemption towards Ortega, Plaintiff argues that Ortega does not fall under the professional exemption because his job did not demand a particular college degree. (DE 65). Not only does this argument misstate the requirements of Ortega's position, but it also misstates the professional exemption. Specifically, Plaintiff cites that Ortega has a degree in electrical engineering, but alleges "there is no indication this is what he did with Bel Fuse." (DE 65). This proposition is disingenuous, insofar as it ignores the undisputed fact that Plaintiff holds a multitude of credentials and education in computer science, and which are directly applicable to the position he held with Defendant as IT Manager/Network Administrator/Engineer II. Specifically, it is undisputed that Plaintiff holds credentials as a programmer for Windows Visual Basic, and coursework in computer science with education in workings and operation of computer hardware and software, as well as his experience from working lower-level technology positions with Defendant, as well as prior employment. (SOMF ¶1, 2). The professional exemption recognizes that employees who use advanced knowledge and make at least $455 per week are exempt from coverage under the FLSA. *See* 29 C.F.R. §541.301(a)(1)-(3); *Talbott v. Lakeview Ctr., Inc.*, 3:06CV378/MCR/MD, 2008 WL 4525012, at *7 (N.D. Fla. 2008). The

advanced knowledge must be required for the employee to perform the job, in a field of science, and it is undisputed that Plaintiff's position required advanced knowledge in the field of computer science to complete the job, including:

> AA Degree or equivalent technical training and/or experience, Microsoft Certified Professional desired; Minimum of 5 years related experience; through knowledge of Windows NT 4.0 or greater; Comprehensive knowledge of networking hardware such as bridges, routers, gateways, Pc's, switched, and multi-line phone systems;  working knowledge of UNIX…

(SOMF ¶5). Mr. Ortega recognized that he acquired his advanced knowledge from his prolonged 13-year experience of on-the-job training with Defendants. (SOMF ¶2). As such, it is plainly clear that Plaintiff's duties fall within those anticipated under the learned professional exemption, and summary judgment is proper.

### C. Combined Exemption

To the extent that Plaintiff has failed to proffer any opposition to the application of the combined exemption in this case, and also to the extent that this Honorable Court finds the combined professional and computer exemption applicable to Ortega, it is a proper conclusion that Summary Judgment is proper in favor of Defendant on the combined exemption. Specifically, a combined exemption may be proper when an employee performs duties that fall under one exemption, but does not separately represent their primary duty, yet combined, the duties constitute a primary duty. *Pinillia v. Northwings Accessories Corp.*, 07-21564-CIV, 2007 WL 3378532, at *7 (S.D. Fla. 2007). To the extent that this Honorable Court concludes that Plaintiff's duties do not fall squarely under either the computer or learned professional exemption, based on the fact that the duties both tend to fall within both exemptions, the combined exemption is

yet another proper exemption for Plaintiff's job obviating FLSA coverage. Therefore, Summary Judgment is proper as it relates to the combined exemption.

//

//

## CONCLUSION

WHEREFORE, based upon the arguments and case law cited above, along with the statement of undisputed facts filed by Defendant, it is apparent that Plaintiff is either exempt under the learned professional exemption, the computer exemption, or a combination of the two exemptions, making Plaintiff exempt from overtime pay. As such, Defendant respectfully request that summary judgment be entered in their favor and against Plaintiff as Count II.

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by electronic filing on December 14, 2015 on all counsel or parties of record on the Service List below.

s/Lindsey Wagner
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Lindsey Wagner, Esq.
Florida Bar No. 86831
Primary e-mail: LWagner@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Stephanie Cagnet Myron, Esq.
Primary e-mail: SMyron@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Florida Bar No. 88973
SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458

        Telephone:   (561) 653-0008
        Facsimile:    (561) 653-0020
        Secondary Address:  101 Northpoint Parkway
        West Palm Beach, FL 33407
        www.ScottWagnerLaw.com

**SERVICE LIST**
**CASE NO.: 15-21229-CIV-ALTONAGA/O'SULLIVAN**

Elizabeth Hueber, Esq.
Florida Bar No. 0073061
J.H. Zidell, P.A.
Attorneys for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: elizabeth.hueber.esq@gmail.com
*Attorneys for Plaintiff*

Cheryl L. Wilke, Esq.
Florida Bar No. 893780
cwilke@hinshawlaw.com
Daniel A. Krawiec, Esq.
Florida Bar No. 59136
dkrawiec@hinshawlaw.com
Hinshaw & Culbertson LLP
One East Broward Blvd.
Suite 1010
Fort Lauderdale, FL 33301
954-467-7900
Fax: 954-467-1024
*Attorneys for Array Connector Corporation & Bill McPherson*