UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RAMON ORTEGA, and all others similarly
situated under 29 U.S.C. 216(b),

        Plaintiff,

vs.

BEL FUSE, INC.,
ARRAY CONNECTOR CORPORATION,
BILL MCPHERSON,

        Defendants.

_____ /

Case No.. 15-21229-CIV-
ALTONAGA/O'SULLIVAN

**JOINT DEFENSE MOTION FOR JUDGMENT**

**ON THE PLEADINGS AND/OR MOTION TO DISMISS**

**PLAINTIFF'S LAWSUIT DUE TO LACK OF STANDING & JUDICIAL ESTOPPEL**

Defendants, Array Connector Corporation, Bill McPherson, and Bel Fuse, Inc.

move jointly to dismiss this lawsuit and/or move for judgment on the pleadings on the

basis of Plaintiff's lack of standing and estoppel, in support states as follows:

**I.      BACKGROUND**

Plaintiff is a former IT manager and engineer for Defendants Bel Fuse, Inc. and

Array Connector Corporation.   On March 31, 2015, Plaintiff filed this FLSA lawsuit

against his former employers, corporate Defendants Bel Fuse, Inc. and Array Connector

Corporation, as well as a former owner of Array Connector Corporation, Bill McPherson.

(D.E. 1) By way of background further, on or about August 19, 2013, Bel Fuse, Inc.

purchased Array Connector Corporation.   In this lawsuit, Plaintiff seeks to recover

$121,359.60 (alleged unpaid wages x2 for liquidated damages). (D.E. 9) This time

represents hours alleged worked for both corporate entities from March 30, 2012 –

March 18, 2014.  (D.E. 9). Defendants dispute Plaintiff worked the claimed overtime

and, even if he did, are confident he was exempt under either/both of the learned professional or computer employee exemption. (D.E. 35, D.E. 39). On or about November 18, Defendant Bel Fuse filed a Motion for Summary Judgment, which is pending before this Court. (D.E. 60).

But, as it turns out, the Court need not resolve the merits of this matter because Plaintiff lacks standing to bring his claims and should be judicially estopped even if he did have standing.  On October 31, 2013, Plaintiff filed a Chapter 7 bankruptcy but a final decree closing the case was not entered until August 14, 2015—nearly five months after he filed this FLSA action.  (DE 62-4)[1]. Notably, at no time did Plaintiff disclose the existence of his FLSA claims to the bankruptcy trustee. *See* Case No. 13-36204-AJC (Bankr. S.D. Fla., ECF Nos. 1, p. 8, No. 21).  Plaintiff's failure to disclose not only means that his trustee, not Plaintiff, is the only party with standing to bring this FLSA lawsuit, but also that Plaintiff should be judicially estopped from bringing this lawsuit. The Court should therefore dismiss this lawsuit.[2]

---

[1] Insofar as Plaintiff has introduced evidence of the bankruptcy proceeding in a pleading with this Honorable Court, his Interrogatories, (DE 62-4), Defendants request this Honorable Court take judicial notice of Plaintiff's bankruptcy. *Counts v. Red Coats, Inc.*, 109-CV-3038-TWT-ECSS, 2010 WL 2674423, at *3 (N.D. Ga. 2010) report and recommendation adopted, 109-CV-3038-TWT, 2010 WL 2674421 (N.D. Ga. 2010); *Taylor v. Novartis Pharm. Corp.*, 506 B.R. 157, 159 (S.D. Fla. 2013).

[2] Defendants acknowledge the Court may question why this motion was not filed earlier. Defendants note that they simply were unaware until Tuesday, January 12, 2016, of Plaintiff's failure to disclose, when the disclosure came to light during preparation of pretrial materials.  Defendants waited several more days to file this motion in order to satisfy the local rule meet and confer requirement.  While admittedly it would have been better for all involved, given that the failure to disclose is a matter of standing, Defendants respectfully contend that it is appropriate for the Court to consider this motion at any time. *See Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (holding standing is a jurisdictional issue).  Moreover, as detailed below, Plaintiff's failure to disclose is deemed by law not to have been inadvertant, and

## II.   MEMORANDUM OF LAW

### a.  A Debtor's Duty to Disclose

The Eleventh Circuit has described a federal bankruptcy debtor's disclosure obligations as follows:

> A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court. 11 U.S.C. § 521(1), and 541(a)(7). The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change. *See Coastal Plains*, 179 F.3d at 208. Full and honest disclosure in a bankruptcy case is "crucial to the effective functioning of the federal bankruptcy system." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co. et al.*, 81 F.3d 355, 362 (3d Cir. 1996). For example, creditors rely on a debtor's disclosure statements in determining whether to contest or consent to a no asset discharge. Bankruptcy courts also rely on the accuracy of the disclosure statements when considering whether to approve a no asset discharge. Accordingly, "the importance of full and honest disclosure cannot be overstated." *Id.*

*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002).

This continuing disclosure duty is comprehensive and not limited strictly to matters immediately affecting the bankruptcy.  "A debtor must disclose all potential causes of action including litigation that is likely to arise in a non-bankruptcy setting." *In re Baldwin*, 307 B.R. 251, 265 (M.D. Ala. 2004).  "The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information prior to confirmation to suggest that it may have a possible cause of action, then that is a known cause of action such that it must be disclosed."  *Id.* (internal quotation marks and ellipsis omitted).

---

therefore he brings his estoppel argument with unclean hands.  *See De Leon v. Comcar Indus., Inc.*, 321 F.2d 1289, 1291-92 (11th Cir. 2003) (noting that, when a plaintiff files suit on a claim he failed to disclose and does not amend his bankruptcy disclosure until challenged by his adversary, then the failure to amend was not inadvertent for purposes of judicial estoppel).

**b. Standing**

"The question of standing is one of law." *Todorov v. DCH Healthcare Auth.*, 921 F.2d 1438, 1448 (11th Cir. 1991).  Under federal bankruptcy law, the Trustee is the official "representative of the [bankruptcy] estate."  11 U.S.C. § 323.  "Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate."  *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).  A Chapter 7 filing creates a bankruptcy estate which includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  "Once a trustee is appointed, he 'succeeds to all causes of action held by the debtor at the time the petition is filed.'"  *In re Englebrecht*, 368 B.R. 898, 901 (Bankr. M.D. Fla. 2007) (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

Stated differently, the "[p]roperty of the bankruptcy estate includes all 'potential causes of action that exist on the petition date.'"  *In re Englebrecht*, 368 B.R. at 901 (quoting *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003).  These actual and potential causes of action "became property of the bankruptcy estate subject to the trustee's exclusive control."  *Hadden v. State Farm Fire & Cas. Co.*, 37 So. 3d 918, 920 (Fla. 5th DCA 2010) (internal citations omitted) (citing 11 U.S.C. § 541(a)(1)).  This is true regardless of whether a debtor properly lists a cause of action on a bankruptcy schedule.  *Losacano v. Deaf & Hearing Connection of Tampa Bay, Inc.*, 988 So. 2d 66, 68 (Fla. 2d DCA 2008) ("The fact that Ms. Losacano did not schedule the lawsuit as property of the bankruptcy estate did not prevent it from becoming property of the estate. Instead, the lawsuit became unadministered property of her bankruptcy

estate.") (citing 11 U.S.C.A. § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.").

In sum:

> Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code. *See* 11 U.S.C. § 554(a)-(c). At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate.2 11 U.S.C. § 554(d). Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate. *Mobility Systems & Equip. Co. v. United States*, 51 Fed. Cl. 233, 236 (Fed. Cl. 2001) (citing cases); *see Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 525–26 (8th Cir. 1991).

*Parker*, 365 F.3d at 1272.

To determine what causes of action are estate property under "§ 541, the test is whether all of the elements of the cause of action had occurred as of the time that the bankruptcy case was commenced, so that the claim is sufficiently rooted in the debtor's prebankruptcy past." *In re Alipour*, 252 B.R. 230, 235 (Bankr. M.D. Fla. 2000). "[A]n unpaid overtime claim 'accrues at the end of each pay period when it is not paid.'" *Martin v. Coastal Floor Coverings, Inc.*, No. CV414–030, 2015 WL 4507466, at *2 (S.D. Ga. July 23, 2015) (quoting *Martin v. United States*, 117 Fed. Cl. 611, 618 (Fed. Cl. 2014)).

### c. Judicial Estoppel

> Judicial estoppel is an equitable doctrine invoked at a court's discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968 (2001) (internal citations and quotations omitted). Under this doctrine, a party is precluded from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. Judicial estoppel is an equitable concept intended to prevent the perversion of the judicial process." 18 James Wm. Moore et al.,

> Moore's Federal Practice § 134.30, p. 134-62 (3d ed.2000). The purpose of the doctrine, "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire,* 532 U.S. at 749-50, 121 S.Ct. at 1814 (internal citations and quotations omitted). This Circuit has explained that, "[j]udicial estoppel is applied to the calculated assertion of divergent sworn positions. The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings."

*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002).

> In the Eleventh Circuit, the application of judicial estoppel "largely turns on two factors[:]" 1) "a party's allegedly inconsistent positions must have been made under oath in a prior proceeding[;] " and 2) "the inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1293–94 (11th Cir. 2003) (citations and quotations omitted). These factors are "not inflexible or exhaustive" and the court "must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine."3 *Id.* at 1294 (citation omitted). "In the context of a bankruptcy case, judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both knew about the claims and had a motive to conceal them from the bankruptcy court." *Muse v. Accord Human Res., Inc.*, 129 F. App'x 487, 488 (11th Cir. 2005) (citing *DeLeon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003)). "A plaintiff possesses the requisite motive when it appears 'he gained an advantage' by failing to list claims on the schedule of assets." *Marshall v. Electrolux Home Products, Inc.*, 2006 WL 3756574, *3 (M.D. Fla. Dec. 19, 2006) (quoting *Barger*, 348 F.3d at 1296). The district court must find the debtor's inconsistent positions to have been "intentional contradictions, not simple error or inadvertence." *D'Antignac v. Deere & Co.*, 604 F. App'x 875, 2015 WL 1321570, *3 (11th Cir. 2015) (citing *Burnes*, 291 F.3d at 1286). Nonetheless, the court "may ... infer intent from the record when the debtor has knowledge of the undisclosed claims and has motive to conceal them." *Id.* (citing *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275–76 (11th Cir. 2010)).

That said, a failure to disclose is not inadvertent where a party's employment lawsuit is pending concurrently with his bankruptcy.  *See Moore v. Fred's Stores of Tenn., Inc.*, No. 4:05–CV–133 (CDL), 2006 WL 2374768, at *3 (M.D. Ga. Aug. 16, 2006) (finding plaintiff's failure to disclose his FLSA claims could not have been inadvertent because he filed for bankruptcy three months after he filed his FLSA lawsuit).

### III.    ARGUMENT

It is clear Plaintiff lacks standing to pursue his claims in this FLSA lawsuit and therefore his lawsuit must be dismissed.  This is because he never disclosed these claims to his bankruptcy trustee and therefore the bankruptcy trustee never had the opportunity either to pursue these claims or to abandon them.  Moreover, while it is true Plaintiff filed his FLSA lawsuit two years after his bankruptcy disclosures, his bankruptcy case was not yet closed and Plaintiff never amended his disclosures.  It is further clear he had a huge financial incentive not to do so, as he stood potentially to get the benefit of a $100,000+ judgment in this case right after declaring bankruptcy and thereby avoiding payment of his debts to his creditors.  Judicial estoppel is especially appropriate here because it makes a mockery of the judicial system to permit a plaintiff concurrently to have pending a bankruptcy and then to file an FLSA claim and reap such generous benefit from doing so.

### IV.    CONCLUSIONS

For the reasons discussed above, the Court should dismiss this lawsuit due to Plaintiff's lack of standing and/or on the basis of judicial estoppel.

### CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 7.1(a)(3)

Defendants assert that they have made efforts in good faith to confer with Plaintiff's counsel regarding the issues in this Motion in compliance with obligations under Local Rule. Plaintiff objects to the relief sought herein.

### CERTIFICATE OF SERVICE

We hereby certify that on January 15, 2016, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  All parties and counsel of record.

19119199v1 0973165

| | |
|---|---|
| s/Lindsey Wagner<br>Cathleen Scott, Esq.<br>Florida Bar No. 135331<br>Primary e-mail:<br>CScott@scottwagnerlaw.com<br>Secondary e-mail:<br>mail@scottwagnerlaw.com<br>Lindsey Wagner, Esq.<br>Florida Bar No. 86831<br>Primary e-mail:<br>LWagner@scottwagnerlaw.com<br>Secondary e-mail:<br>mail@scottwagnerlaw.com<br>Stephanie Cagnet Myron, Esq.<br>Primary e-mail:<br>SMyron@scottwagnerlaw.com<br>Secondary e-mail:<br>mail@scottwagnerlaw.com<br>Florida Bar No. 88973<br>SCOTT WAGNER & ASSOCIATES, P.A.<br>Jupiter Gardens<br>250 South Central Boulevard<br>Suite 104-A<br>Jupiter, FL 33458<br>Telephone:   (561) 653-0008<br>Facsimile:    (561) 653-0020<br>Secondary   Address:   101   Northpoint Parkway<br>West Palm Beach, FL 33407<br>www.ScottWagnerLaw.com<br>Attorneys for Defendant Bel Fuse, Inc. | s/Daniel A. Krawiec<br>Cheryl L. Wilke<br>Florida Bar No. 893780<br>cwilke@hinshawlaw.com<br>Daniel A. Krawiec<br>Florida Bar No. 59136<br>dkrawiec@hinshawlaw.com<br>Hinshaw & Culbertson LLP<br>One East Broward Boulevard, Suite 1010<br>Ft. Lauderdale, FL 33301<br>Telephone: 954-467-7900<br>Facsimile: 954-467-1024<br><br>Attorneys for Defendants Array Connector Corporation and Bill McPherson |