UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RAMON ORTEGA, and all others similarly
situated under 29 U.S.C § 216(b),

    Plaintiff,

vs.

BEL FUSE, INC., ARRAY CONNECTOR
CORPORATION, and BILL MCPHERSON,

    Defendants

        /

Case No. 15-CV-21229-CIV-
ALTONAGA/O'SULLIVAN

# DEFENDANTS ARRAY CONNECTOR CORPORATION & BILL MCPHERSON'S MOTION IN LIMINE REGARDING ALLEGED NON-PAYMENT OF 0.5% ON SALES OF FILTER CONNECTORS

Defendants, Array Connector Corporation and Bill McPherson, respectfully move in limine pursuant Federal Rules of Evidence 103(d), 104(a), 402, 403, and 404 to exclude all testimony, argument, or evidence regarding Plaintiff's claim he was owed but not paid 0.5% of all sales of filter connectors, and in support states as follows:

## I.    INTRODUCTION

At issue in this lawsuit is solely Plaintiff's contention that he worked overtime hours for the Defendants from March 30, 2012, to March 18, 2014. [ECF Nos. 9 & 41]. Plaintiff has pending no other claims, such as breach of contract or unjust enrichment. Notwithstanding, in answering Bel Fuse, Inc.'s interrogatory number 10 to him, Plaintiff claimed he "was to be paid 0.5% of the shipments of filter connectors that he sold. Nevertheless, Plaintiff never received any payment [sic] any portion of shipments of filter connectors for which he was responsible." [ECF No. 62-4].

These alleged amounts owed relating to filters are completely unrelated to his wage claim and, indeed, Plaintiff has not at any point attempted to connect these to his wage claim. Any testimony, argument, or evidence, regarding these amounts is therefore irrelevant. Moreover, even if it were somehow relevant (and it is not), then its probative value—as unrelated to the amounts claimed in this lawsuit—would be substantially outweighed by the danger of unfair prejudice, confusion, misleading of the jury, undue delay, and wasting time.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 103 permits the Court to make a pretrial ruling on the admissibility or exclusion of evidence in order to avoid the need to do so at trial. *See Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1178 (11th Cir. 2013); *see also* Fed. R. Evid. 104(a) (noting "The Court must decide any preliminary question about whether . . . evidence is admissible.").

"Federal Rule of Evidence 402 provides that only relevant evidence is admissible." *United States v. Howard*, 373 F. App'x 21, 25 (11th Cir. 2010). Federal Rule of Evidence 403 provides the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Federal Rule of Evidence 404(b)(1) states "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

## III. ANALYSIS

As noted above, Plaintiff's contention that he is owed amounts relating to filter sales is not part of his claim in this case. It is therefore irrelevant to any issue in this case and has no

probative value.  The only possible reason Plaintiff could seek to touch upon this topic during trial is to infer that Defendants failed to pay one amount and therefore they must have also failed to pay him overtime as well.  This is forbidden by Rule 404(b), especially where, as here, these amounts were not raised in the pleadings and therefore Defendants lacked adequate notice of the need for evidence to rebut any such entirely tangential matters.

Further, any probative value such evidence might have is substantially outweighed by the factors listed in Rule 403 and for the same reason 404(b) prohibits such evidence.  It will certainly unfairly prejudice Defendants to permit Plaintiff to try a case within a case regarding amounts which were not raised in the pleadings and on which discovery was therefore not focused upon.  The inference Plaintiff would seek to make with such evidence would only confuse the jury as to what was at issue in the case.  It would also cause undue delay and waste time during trial to try a case within a case on such unrelated amounts.

## IV.     CONCLUSION

For the reasons above, the Court should exclude all testimony, argument, or evidence regarding Plaintiff's claim he was owed but not paid 0.5% of all sales of filter connectors from the trial of this matter, as well as award any other relief which the Court deems appropriate.

## V.     CERTIFICATE OF CONFERRAL

The undersigned certifies that he conferred with counsel for all parties before filing this motion on January 17, 2016, and again on January 18, 2016.  Defendant Bel Fuse, Inc. does not oppose this motion.  Plaintiff opposes this motion.  However, the parties were close to a resolution, have agreed to continue conferring before a response is due, and will file an appropriate stipulation on this motion if one can be reached.

Case No. 15-CV-21229-CIV-ALTONAGA/O'SULLIVAN

**CERTIFICATE OF SERVICE**

We hereby certify that, on this 18th day of January 2016, we electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the attorneys listed in the attached service list.

HINSHAW & CULBERTSON LLP
*Attorneys for Array Connector Corporation and Bill McPherson*
One East Broward Boulevard, Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
s/Daniel A. Krawiec
Cheryl L. Wilke
Florida Bar No. 893780
cwilke@hinshawlaw.com
Daniel A. Krawiec
Florida Bar No. 59136
dkrawiec@hinshawlaw.com

**SERVICE LIST**

**CASE NO.: 15-21229-CIV-ALTONAGA/O'SULLIVAN**

Julia M. Garrett, Esq.
Florida Bar Number: 105151
J.H. Zidell, P.A.
Attorneys for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: jgarrett.jhzidellpa@gmail.com

Lindsey Wagner, Esq.
Florida Bar Number: 86831
SCOTT WAGNER & ASSOCIATES, P.A.
Attorneys for Defendant BEL FUSE, INC.
250 South Central Boulevard
Suite 104-A
Jupiter, Florida 33458
Tel: (561) 653-0008
Fax: (561) 653-0020
Email: LWagner@scottwagnerlaw.com