UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RAMON ORTEGA, and all others similarly
situated under 29 U.S.C. 216(b),

                Plaintiff,

vs.

BEL FUSE, INC.,
ARRAY CONNECTOR CORPORATION,
BILL MCPHERSON,

                Defendants.

_____ /

Case No. 15-21229-CIV-
ALTONAGA/O'SULLIVAN

**REPLY IN SUPPORT OF JOINT DEFENSE MOTION TO DISMISS**

**PLAINTIFF'S LAWSUIT DUE TO LACK OF STANDING & JUDICIAL ESTOPPEL**

Defendants, Array Connector Corporation, Bill McPherson, and Bel Fuse, Inc., respectfully reply in support of the joint to dismiss this lawsuit on the basis of Plaintiff's lack of standing and estoppel [ECF No. 74] and in opposition to Plaintiff's response [ECF No. 83], as follows:

## I.    REPLY AS TO PRE-PETITION DUTY TO DISCLOSE

Defendants accept Plaintiff's concession that "Defendants are correct in that all claims prior to October 31, 2013, should be so dismissed" because the claims are the property of the Chapter 7 trustee and "Mr. Ortega has elected not to reopen the bankruptcy case for the purpose of allowing the Chapter 7 Trustee to bring claims prior to October 31, 2013." [ECF No. 83, p. 1]. Given this concession, Defendants respectfully argue the Court must dismiss Plaintiff's pre-petition claim regardless of the timing of the motion.

This is because "[a] litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). "[S]tanding is a component of subject matter jurisdiction, *Florida ex rel. Atty. Gen. v. U.S. Dep't of Health & Human Servs.*, 648 F.3d 1235 (11th Cir. 2011), and as such may be raised at any time, *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1170 (11th Cir. 2006) (considering standing issue raised for the first time on appeal) . . ." *Coastal Conservation Ass'n v. Blank*, No. 2:09-CV-641-FTM-29, 2011 WL 4530544, at *2 (M.D. Fla. Sept. 29, 2011).

Given the law of standing and Plaintiff's concession, Defendants respectfully argue that the Court "must dismiss the action" as to any pre-petition claims. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[1]

## II.    REPLY AS TO ESTOPPEL

Defendants agree the issue of estoppel is moot as to any portion of Plaintiff's claims dismissed due to lack of standing. To the extent any claims survive the standing argument, however, Plaintiff should still be judicially estopped from continuing to litigate them. Plaintiff's argument against judicial estoppel appears to be two-fold: (1) his failure to disclose his claims was inadvertent because he was unaware the claims existed until about a year and a half after he filed for bankruptcy, when he filed his overtime claim; and (2) he had no duty to disclose post-petition claims and therefore his failure to

---

[1]    The undersigned counsel apologize to the Court that Plaintiff's lack of standing was not raised earlier and acknowledge it would have been more efficient to do so. In the future, counsel will work harder to ensure the issue is raised sooner but assure the Court it was raised as soon as it was discovered.

disclose them is not inconsistent with his position in this litigation.  For the reasons below, the Court should reject both arguments.

### a.  Pre-Petition Claims

Plaintiff filed for bankruptcy on October 31, 2013.  [Case No. 13-36204-AJC (Bankr. S.D. Fla., ECF No. 1].  Plaintiff swears under oath that he was unaware he possessed any claims now asserted in this lawsuit when he filed for bankruptcy and he did not become aware of these claims until about a year and a half later, in March of 2015, when he filed this FLSA lawsuit.  Even if true, then it is irrelevant and the Court should still apply judicial estoppel.

Plaintiff had a continuing obligation to update his bankruptcy disclosures but did not do so despite admittedly learning of his FLSA claims while the bankruptcy proceeding was still active.  "Courts in numerous cases have precluded debtors or former debtors from pursuing claims about which the debtors had knowledge, but did not disclose, during the debtors' bankruptcy proceedings."  *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) (emphasis added) (citing cases).  One of those courts is the Eleventh Circuit.  In *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), the Eleventh Circuit directly analyzed the question of intent under similar circumstances and concluded judicial estoppel was correctly applied by the district court.

*Burnes*, 291, F.3d at 1284, involved a plaintiff who filed for bankruptcy but did not list any federal employment discrimination claims in his bankruptcy disclosures.  Shortly thereafter while his bankruptcy was still pending, that plaintiff, Billups, filed a charge of discrimination with the EEOC claiming his former employer had discriminated against

him but did not amend his disclosures to list the discrimination claim.  *Id.*  The employer later moved for and received summary judgment based upon judicial estoppel and won. *Id.* Billups argued in relevant part on appeal that his omission of the employment claim, while true, was merely inadvertent and therefore did not support judicial estoppel.  *Id.* at 1286.

The Eleventh Circuit rejected Billups argument and affirmed.  In doing so, the Eleventh Circuit applied the following bright-line rule as to intent: "'the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Burnes*, 291 F.3d at 1287 (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)).

There is no dispute that both of these factors are present.  First, Plaintiff's bankruptcy case was not closed until August 14, 2015, and he admits in his affidavit [ECF No. 83-1, ¶ 3] that he became aware of his FLSA claims months before that date. Second, Plaintiff obviously had a motive to conceal—the prospect of clearing away his debts and then obtaining (if his FLSA claims are to be believed) a handsome six-figure award that would go straight into his pocket instead of all or partially to his former creditors.

Moreover, even if these facts alone were not legally sufficient, then in this case an inference that the failure to disclose was not inadvertent is the only plausible inference for another reason.  When he learned of his FLSA claims, Plaintiff had two different, very experienced counsel—bankruptcy counsel Timothy S. Kingcade and FLSA counsel J.H. Zidell—representing him.  The only logical presumption is that his

counsel advised him of his continuing obligation to report claims and as to standing to bring his claims. *Cf. Helmich v. Kennedy*, 796 F.2d 1441, 1442 (11th Circuit 1986) (holding under Georgia law "the presumption is that the legal services were performed in an ordinarily skillful matter).

That is, absent contrary evidence (and none has been offered), the Court should presume that Mr. Kingcade advised Plaintiff of his continuing duty to disclose claims and that Mr. Kingcade confirmed no new claims existed before seeking to close the bankruptcy case on Plaintiff's behalf.   Likewise, the record is clear that Mr. Zidell knew Plaintiff had filed for bankruptcy because Plaintiff provided this information in response to an interrogatory executed in August of 2015.   [ECF No. 62-4, p. 2].   Absent any evidence to the contrary (and non has been offered), the Court should presume that Mr. Zidell at least cautioned Plaintiff he only had standing to pursue his FLSA claims accruing prior to the bankruptcy if Plaintiff had disclosed them during his bankruptcy.   It also surely goes without saying that an investigation into whether a potential client has standing to pursue a claim is the most fundamental of reasonable inquiries an attorney must make before filing or maintaining a lawsuit. *See* Fed. R. Civ. P. 11(b); *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1169 (11th Cir. 2006) ("We begin with the standing consideration, since we have an obligation to assure ourselves of a litigant's standing under Article III, which provides a fundamental limitation on a federal court's authority to exercise jurisdiction.").

In sum, because it is undisputed Plaintiff not only knew about his FLSA claims while his bankruptcy case was still pending but also had a strong monetary motive to conceal these claims, and because the only logical presumption given he was

represented by two attorneys is that his failure to disclose was not inadvertent, the Court should alternatively hold that Plaintiff is judicially estopped from pursuing his pre-petition claims.  *See Moores v. Fred's Stores of Tenn., Inc.*, No. 4:05-CV-133 (CDL), 2006 WL 2374768, at *3 (M.D. Ga. Aug. 16, 2006) (finding plaintiff's failure to disclose FLSA claims could not have been inadvertent because he filed for bankruptcy three months after he filed his FLSA lawsuit).

### b.  Post-Petition Claims

Plaintiff is correct that postpetition claims are not a part of a Chapter 7 bankruptcy estate and that a new violation of FLSA is created every pay period. *See In re Witko*, 374 F.3d 1040, 1042 (11th Cir. 2004); *Knight v. Columbus, GA*, 19 F.3d 579, 581 (11th Cir. 1994).   The Court may, however, choose to view these claims as "sufficiently rooted in [Plaintiff's] pre-bankruptcy past" to include them in the bankruptcy estate.  *See In re Alvarez,* 224 F.3d 1273, 1276-79 (11th Cir. 2000) (citing *Segal v. Rochelle*, 382 U.S. 375 (1966)) (Court found that legal malpractice claim, that was not filed until after Chapter 7 bankruptcy action had commenced, was sufficiently rooted in plaintiff's pre-bankruptcy past because the cause of action was tied to events that took place before bankruptcy was filed); *but see also In re Bracewell*, 454 F.3d 1234 (11th Cir. 2006) (Court declined to include proceeds from crop disaster payment from legislative act enacted after Plaintiff filed bankruptcy as part of bankruptcy estate). When Plaintiff filed his bankruptcy action, he had already suffered the alleged harm in this case, sufficiently tying it to his pre-bankruptcy past. *See In re Witko*, 374 F.3d 1040 (11th Cir. 2004) (Court declined to include legal malpractice claim as part of pre-bankruptcy estate because the event that led to the malpractice happened after

bankruptcy was filed).  The majority of the harm that Plaintiff in this case suffered, took place in his pre-bankruptcy past, and should therefore be included in his pre-bankruptcy estate.

As previously stated, debtors have a continuing duty to amend their bankruptcy schedules.  *See Burnes,* 291 F.3d at 1286.  When asked to distinguish between Chapter 7 and Chapter 13 bankruptcies and the duty to disclose, the Eleventh Circuit has stated that "'any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies.'" *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010) (citing *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003).  Plaintiff has elected not to reopen his Chapter 7 bankruptcy case, and therefore has failed to fulfill this duty (D.E 83 page 1).  As this duty is a "continuing" duty, Plaintiff should have amended his bankruptcy schedule when he became aware of his FLSA claims while his bankruptcy case was pending.  The Eleventh Circuit considers two key factors when deciding whether failure to fulfill this duty to disclose warrants the application of judicial estoppel: 1) whether a plaintiff took inconsistent positions under oath and 2) whether plaintiff intended to mislead the bankruptcy court. *Burnes*, 291 F.3d at 1285.

In *Snowden v. Fred's Stores of Tennessee, Inc.,* 419 F. Supp. 2d 1367 (M.D. Ala. 2006), the court held that judicial estoppel does not apply when the plaintiff did not file FLSA claims against her employer until after bankruptcy was commenced because she had not taken inconsistent positions under oath nor had intent to mislead the Court. Because she filed the FLSA claims after bankruptcy had commenced, the court found

that she did not take inconsistent positions under oath. The Court also emphasized the plaintiff amended her financial statements in the bankruptcy action soon after she became aware that the FLSA claims needed to be reported.  This differs from the present case because Plaintiff did not attempt to amend his bankruptcy claims after he realized that his FLSA claims should be disclosed to the bankruptcy court (D.E. 83 page 1). While Plaintiff may not have taken inconsistent positions under oath, he never attempted to amend his bankruptcy schedule once he filed his FLSA claims.  The court in *Snowden*, 419 F. Supp. 2d at 1372, states "this court has no doubts that other courts faced with a plaintiff who failed to amend a bankruptcy schedule for years and standing to gain a windfall at the expense of the plaintiff's creditors would not hesitate to apply judicial estoppel." Courts have often pointed to the length of time that the Plaintiff fails to amend a bankruptcy proceeding to permit the court to make a stronger inference of intent to mislead the court. *See Smith v. Warner*, 65 F. Supp. 3d 1305, 1311-1312 (S.D. Ala. 2014). Failing to amend bankruptcy schedules for years can be viewed as an attempt to manipulate the judicial process in Plaintiff's favor, fulfilling the second prong of the Eleventh Circuit's test. *See Snowden,* 419 F. Supp. 2d at 1372.

Because judicial estoppel is an equitable doctrine invoked at a court's discretion, the Court may find that Plaintiff took inconsistent positions when failing to amend his bankruptcy schedule and had monetary motives for failing to do so during bankruptcy proceedings. *See Burnes*, 291 F.3d at 1285.

### III.    CONCLUSIONS

For the reasons discussed above and in the original motion, the Court should dismiss this lawsuit due to Plaintiff's lack of standing and/or on the basis of judicial estoppel.

### CERTIFICATE OF SERVICE

We hereby certify that on February 4, 2016, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  All parties and counsel of record.

| | |
|---|---|
| s/Lindsey Wagner<br>Cathleen Scott, Esq.<br>Florida Bar No. 135331<br>Primary e-mail:<br>CScott@scottwagnerlaw.com<br>Secondary e-mail:<br>mail@scottwagnerlaw.com<br>Lindsey Wagner, Esq.<br>Florida Bar No. 86831<br>Primary e-mail:<br>LWagner@scottwagnerlaw.com<br>Secondary e-mail:<br>mail@scottwagnerlaw.com<br>Stephanie Cagnet Myron, Esq.<br>Primary e-mail:<br>SMyron@scottwagnerlaw.com<br>Secondary e-mail:<br>mail@scottwagnerlaw.com<br>Florida Bar No. 88973<br>SCOTT WAGNER & ASSOCIATES, P.A.<br>Jupiter Gardens<br>250 South Central Boulevard<br>Suite 104-A<br>Jupiter, FL 33458<br>Telephone: (561) 653-0008<br>Facsimile: (561) 653-0020<br>Secondary Address: 101 Northpoint<br>Parkway | s/Daniel A. Krawiec<br>Cheryl L. Wilke<br>Florida Bar No. 893780<br>cwilke@hinshawlaw.com<br>Daniel A. Krawiec<br>Florida Bar No. 59136<br>dkrawiec@hinshawlaw.com<br>Hinshaw & Culbertson LLP<br>One East Broward Boulevard, Suite 1010<br>Ft. Lauderdale, FL 33301<br>Telephone: 954-467-7900<br>Facsimile: 954-467-1024<br><br>Attorneys for Defendants Array Connector<br>Corporation and Bill McPherson |

| | |
|---|---|
| West Palm Beach, FL 33407<br>www.ScottWagnerLaw.com<br>Attorneys for Defendant Bel Fuse, Inc.<br><br>Attorneys for Defendant Bel Fuse, Inc. | |